**Susan August ANGELO, Petitioner–Appellant,**

v.

**Gloria HENRY, Warden, Valley State Prison for Women, Respondent–Appellee.**

No. 06–15743.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2007.*

Filed June 15, 2007.

Susan August Angelo, Chowchilla, CA, pro se.

Sharon G. Birenbaum, Esq., AGCA–Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: HAWKINS, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM **

The district court did not err in denying Angelo's petition for a writ of habeas corpus. The last reasoned state decision that addressed Angelo's federal claim was not contrary to and did not involve an unreasonable application of clearly established federal law. *Chia v. Cambra*, 360 F.3d 997, 1002 (9th Cir.2004). Because Federal Rule of Evidence 704(b) prohibits the introduction of expert testimony regarding a criminal defendant's actual mental state, it could not have been objectively unreasonable for the state court to find that Angelo's clearly established federal right to present a complete defense was not infringed by the trial court's refusal to admit expert testimony as to Angelo's actual, if unreasonable, belief in the need to use

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

self-defense and her corresponding lack of malice.[1]

Therefore, the district court correctly denied Angelo's petition for a writ of habeas corpus on the merits.[2]

**AFFIRMED.**

1. In determining whether Angelo is entitled to federal habeas relief, we do not consider whether the trial court erred as a matter of state law. *Estelle v. McGuire,* 502 U.S. 62, 67–68, 71–72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

2. We presume, as did the district court, that Angelo's claim was not procedurally defaulted because the California Supreme Court, in summarily denying Angelo's state habeas claim, did not "clearly and expressly state[ ] that its judgment rests on a state procedural bar." *Harris v. Reed,* 489 U.S. 255, 263, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) (internal quotation marks omitted).

